UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| ASHISH S. PANDYA, | CASE NO. C23-1947JLR |
| Plaintiff, | ORDER |
| v. |  |
| BANK OF AMERICA, |  |
| Defendant. |  |

## I. INTRODUCTION

Before the court is Defendant Bank of America's motion to dismiss *pro se* Plaintiff Ashish S. Pandya's amended complaint. (MTD (Dkt. # 13); Reply (Dkt. # 15); *see* Am. Compl. (Dkt. # 12).) Mr. Pandya opposes the motion. (Resp. (Dkt. # 14[1]).) The

---

[1] Mr. Pandya styled his filing as a cross-motion and response to the motion to dismiss. (*See id.*) After reviewing the filing, the court determined that it does not contain a motion. Therefore, the court construes the filing as a response to the motion to dismiss. To the extent Mr. Pandya requests leave to conduct discovery before the parties complete their joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f) (*see id.* at 2), that request is denied.

ORDER - 1

court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[2] the court GRANTS Bank of America's motion to dismiss and DISMISSES Mr. Pandya's amended complaint with leave to amend.

## II. BACKGROUND

Mr. Pandya filed his first complaint in this action on December 19, 2023.  (Compl. (Dkt. # 1).)  On January 5, 2024, Mr. Pandya filed a supplemental document titled "Case Brief" in which he described the facts of his case, supported by various exhibits.  (Supp. (Dkt. # 5).)  The court liberally construed these documents together as comprising Mr. Pandya's original complaint.  (*See* 2/9/24 Order (Dkt. # 11) at 2 (citing Compl.; Supp.).)  Mr. Pandya raised claims for discrimination on the basis of gender/sex, religion, and national origin under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and Washington's "Civil Rights Act," which the court construed as a claim under the Washington Law Against Discrimination ("WLAD").  (Compl. at 3-5.)  Mr. Pandya also raised a claim under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.  (*Id.* at 4.)

On February 9, 2024, the court granted Bank of America's first motion to dismiss Mr. Pandya's complaint.  (*See generally* 2/9/24 Order.)  Specifically, the court (1) dismissed the due process claim for lack of Article III standing and failure to state a

---

[2] Mr. Pandya requests oral argument; Bank of America does not.  (*See* Resp. at 2; MTD. at 1.)  The court finds that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

1  claim; (2) dismissed the Title VII, ADEA, and ADA claims for failure to exhaust
2  administrative remedies and failure to state a claim; and (3) dismissed the WLAD claim
3  for failure to state a claim. (*See generally id.*) The court granted Mr. Pandya leave to
4  amend his complaint to cure these deficiencies and provided guidance regarding the
5  allegations he must make to plausibly state his claims. (*Id.* at 7, 11, 13-14, 16-19.)

6  Mr. Pandya filed his amended complaint on February 29, 2024. (Am. Compl.)
7  Bank of America filed its motion to dismiss on March 20, 2024. (MTD.) Mr. Pandya
8  timely responded to the motion, and Bank of America timely filed its reply. (Resp.;
9  Reply.) The motion is ripe for decision.

### III.   ANALYSIS

11  Although the court must construe Mr. Pandya's pleadings liberally because he is a
12  *pro se* Plaintiff, *see McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), Mr. Pandya
13  must nevertheless follow the same rules of procedure that govern other litigants, *see, e.g.*,
14  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Because Mr.
15  Pandya's amended complaint is procedurally deficient, the court grants Bank of
16  America's motion to dismiss.

17  First, and critically, Mr. Pandya does not identify any causes of action in his
18  amended complaint. (*Compare* Am. Compl., *with* Compl. (identifying the statutes on
19  which he based his original claims).) As a general rule, an amended pleading supersedes
20  the original pleading. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th
21  Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the
22  original, the latter being treated thereafter as non-existent." (citations and internal

1 quotation marks omitted)).  As a result, Mr. Pandya's amended complaint replaced his

2 original complaint, and his original complaint "ceased to exist."  *Id.*  Thus, because Mr.

3 Pandya raises no claims for relief in his amended complaint, dismissal on this ground

4 alone is appropriate.

5        Second, Mr. Pandya does not attach any exhibits to his amended complaint.

6 (*Compare* Am. Compl., *with* Supp. (attaching seven exhibits).)  Instead, he provides a

7 "Timeline of links and Ex[hi]bits" that includes links to documents stored on Google

8 Drive and Dropbox.  (*See* Am. Compl. at 6-12.)  "The judiciary's policy on hyperlinks,"

9 however, "is that a hyperlink contained in a filing is no more than a convenient

10 mechanism for accessing material cited in the document."  *See* U.S. District Court,

11 Western District of Washington, *Electronic Filing Procedures for Civil and Criminal*

12 *Cases* § III.F (amended Mar. 27, 2023),

13 https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf.  "A

14 hyperlink reference is extraneous to any filed document and is not part of the Court's

15 record."  *Id.*  Therefore, even if Mr. Pandya had re-asserted his claims in his amended

16 complaint, the court could not consider the linked exhibits because Mr. Pandya failed to

17 make those exhibits part of the record.

18        A district court should not dismiss a *pro se* complaint "without leave to amend

19 unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

20 amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v.*

21 *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).  The court does not

22 abuse its discretion in denying leave to amend, however, where the "amendment would

be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (quoting *AE v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). In light of the Ninth Circuit's liberal policy on amendment, the court will grant Mr. Pandya one last opportunity to amend his complaint. Mr. Pandya is directed to carefully review this order and the February 9, 2024 order when drafting his second amended complaint. Mr. Pandya shall file his amended complaint, if any, by no later than **May 3, 2024**. If Mr. Pandya fails to timely file a second amended complaint that remedies the deficiencies the court identified in its orders, the court will dismiss his complaint without leave to amend and close this case.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Bank of America's motion to dismiss (Dkt. # 13). Mr. Pandya's amended complaint is DISMISSED with leave to amend. Mr. Pandya may file a second amended complaint that corrects the deficiencies identified in the court's orders by no later than **May 3, 2024**. Failure to do so will result in dismissal without leave to amend.

Dated this 15th day of April, 2024.

JAMES L. ROBART
United States District Judge