|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ASHISH S. PANDYA, | CASE NO. C23-1947JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BANK OF AMERICA, | |
| Defendant. | |

### I.     INTRODUCTION

Before the court is Defendant Bank of America's motion to dismiss *pro se* Plaintiff Ashish S. Pandya's second amended complaint. (3d MTD (Dkt. # 18); *see* 2d Am. Compl. (Dkt. # 17).) Mr. Pandya has not responded to Bank of America's motion. (*See generally* Dkt.); *see also* Local Rules W.D. Wash. LCR 7(d)(4) (providing that, for motions to dismiss, "[a]ny opposition papers shall be filed and received by the moving party no later than 21 days after the filing date of the motion"). The court has reviewed

ORDER - 1

the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Bank of America's motion to dismiss.

## II.     BACKGROUND

Mr. Pandya filed his first complaint in this action on December 19, 2023. (Compl. (Dkt. # 1).) On January 5, 2024, Mr. Pandya filed a supplemental document titled "Case Brief" in which he described the facts of his case, supported by various exhibits. (Supp. (Dkt. # 5).) The court liberally construed these documents and exhibits together to comprise Mr. Pandya's original complaint. (*See* 2/9/24 Order (Dkt. # 11) at 2 (citing Compl.; Supp.).) Mr. Pandya raised claims for discrimination on the basis of gender/sex, religion, and national origin under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and Washington's "Civil Rights Act," which the court construed as a claim under the Washington Law Against Discrimination ("WLAD"), ch. 49.60 RCW. (Compl. at 3-5.) Mr. Pandya also raised claims under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 4.)

On February 9, 2024, the court granted Bank of America's first motion to dismiss Mr. Pandya's complaint. (*See generally* 2/9/24 Order; 1st MTD (Dkt. # 7).) The court granted Mr. Pandya leave to amend his complaint to cure the deficiencies identified in the order and provided him detailed guidance regarding the allegations he must make to plausibly state his claims. (*See* 2/9/24 Order at 19; *see also id.* at 7, 11, 13-14, 16-18 (explaining the allegations required to state each claim).)

ORDER - 2

1       Mr. Pandya filed his first amended complaint on February 29, 2024. (Am. Compl.
2 (Dkt. # 12).) Bank of America moved to dismiss the amended complaint on March 20,
3 2024. (2d MTD (Dkt. # 13).) On April 15, 2024, the court granted Bank of America's
4 motion because Mr. Pandya (1) failed to identify any causes of action in his amended
5 complaint and (2) provided hyperlinks to his exhibits instead of filing them. (*See*
6 *generally* 4/15/24 Order (Dkt. # 16).) The court granted Mr. Pandya "one last
7 opportunity to amend his complaint" but warned him that if he failed to timely file a
8 second amended complaint that remedied the deficiencies the court identified in its
9 orders, the court would dismiss his complaint without further leave to amend and close
10 the case. (*Id.* at 5.)

11       Mr. Pandya timely filed his second amended complaint. (2d Am. Compl.) Bank
12 of America's motion to dismiss that complaint followed on May 17, 2024. (3d MTD.)
13 Although the deadline to file papers in opposition to the motion expired on June 7, 2024,
14 Mr. Pandya has not responded to the motion. (*See generally* Dkt.); *see* Local Rules W.D.
15 Wash. LCR 7(b)(3). On June 10, 2024, Bank of America filed a notice of
16 non-opposition. (Not. (Dkt. # 19).) The motion is now ripe for consideration.

### III. ANALYSIS

18       The court considers Mr. Pandya's failure to respond to Bank of America's motion
19 to dismiss to be an admission by Mr. Pandya that the motion has merit. *See* Local Rules
20 W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to
21 file papers in opposition to a motion, such failure may be considered by the court as an
22 admission that the motion has merit."). Dismissal is warranted on this ground alone.

Furthermore, Mr. Pandya's second amended complaint again fails to state a claim. Thus, the court grants Bank of America's motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claiming showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Mr. Pandya is proceeding *pro se*, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, he must follow the same rules of procedure that govern other litigants. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

Here, Mr. Pandya again does not expressly identify any causes of action in his second amended complaint—even though the court instructed him in its April 15, 2024 order that an amended pleading supersedes the original pleading and, as a result, the

original complaint "cease[s] to exist." (*See generally* 2d Am. Compl.; *see* 4/15/24 Order at 3-4 (dismissing Mr. Pandya's amended complaint for failure to state any claims for relief (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015))).)  In addition, although the court carefully laid out the factual allegations Mr. Pandya must make in order to state each of his claims (*see, e.g.*, 2/9/24 Order at 7, 11 (setting forth the elements of a due process claim)), Mr. Pandya has again failed to satisfy those requirements (*see generally* 2d Am. Compl.).  Therefore, the court grants Bank of America's third motion to dismiss.

As the court noted in its prior orders, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  (4/15/24 Order at 4 (cleaned up); 2/9/24 Order at 19 (same).)  Here, however, the court has now twice afforded Mr. Pandya leave to amend and has twice provided him guidance on how to cure the deficiencies in his pleadings.  (*See generally* 4/15/24 Order; 2/9/24 Order.)  Nevertheless, Mr. Pandya has not heeded the court's instructions and has come no closer to plausibly stating a claim for relief.  Under these circumstances, where "amendment would be futile" and where "the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities," *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016), the court exercises its discretion to dismiss Mr. Pandya's second amended complaint and this action without prejudice without leave to amend.

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Bank of America's motion to dismiss (Dkt. # 18) and DISMISSES Mr. Pandya's second amended complaint and this action without prejudice.

Dated this 14th day of June, 2024.

JAMES L. ROBART
United States District Judge